IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM STILES, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>MOBILE FIDELITY SOUND LAB, INC.<br><br>                    Defendant. | Case No. 1:22-cv-04405<br><br>**Hon. Manish S. Shah** |
| GREGORY BITTERMAN, on his own behalf and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>MOBILE FIDELITY SOUND LAB, INC. and AUDIOPHILE MUSIC DIRECT, INC.,<br><br>                    Defendants. | Case No. 1:22-cv-04714<br><br>**Hon. Sara L. Ellis** |

**DEFENDANTS MOBILE FIDELITY SOUND LAB, INC. AND AUDIOPHILE MUSIC DIRECT, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE CLASS ACTIONS AND TO APPOINT INTERIM CLASS COUNSEL**

Defendants, Mobile Fidelity Sound Lab, Inc., and Audiophile Music Direct, Inc., in response to Plaintiff Adam Stiles and Gregory Bitterman's Motion To Consolidate Actions and To Appoint Interim Class Counsel ("Motion"), state as follows:

**INTRODUCTION**

While simultaneously seeking to intervene in the first-filed class action currently pending in the United States District Court for the Western District of Washington styled *Tuttle, et al. v. Audiophile Music Direct, Inc., et al.*, No. 2:22-cv-01081-JLR ("*Tuttle*"), the law firms of Bursor & Fisher, P.A., DiCello Levitt LLC, and Golomb Spirt Grunfeld, P.C. (collectively, "Illinois Class Counsel"), now move to consolidate the two substantially-identical, later-filed above-

captioned Illinois class actions (collectively, the "Illinois Class Actions") and to be appointed as interim class counsel in the consolidated Illinois Class Actions.

As an initial matter, Plaintiffs' Motion is premature in light of the pending Motions To Stay filed in *Stiles* (Docs. 21-22) and *Bitterman* (Docs. 20-21) and the submission of a proposed nationwide class settlement to the *Tuttle* court for approval. Illinois Class Counsel's efforts will be rendered moot if the pending motions to stay are granted and judicial approval of the *Tuttle* settlement resolves Plaintiffs' class claims. Moreover, the appointment of interim class counsel is unnecessary at this time to protect the interests of the proposed classes in the Illinois Class Actions, which are subsumed by the proposed nationwide class in *Tuttle* and whose claims will be resolved upon the anticipated approval of the proposed nationwide settlement. Accordingly, Plaintiffs' Motion should be denied.

## RELEVANT BACKGROUND

As noted in the Memorandum of Law in Support of their Motion, Plaintiffs allege that Defendants' misrepresentations and omissions regarding the production of certain high-fidelity vinyl records caused Plaintiffs and the putative class members to pay a "price premium" that they would not have paid had they been aware of Defendants' alleged misconduct. Doc. 18, pp. 2-3. Illinois Class Counsel seeks to represent a nationwide class of purchasers who allegedly relied on Defendants' alleged deception in choosing to purchase Defendants' vinyl records. *Id.* at pp. 1-2. Almost three weeks **before** Plaintiff Stiles filed his putative class action, and a month **before** Plaintiff Bitterman filed his putative class action, the *Tuttle* plaintiffs filed a nearly identical putative class action case, alleging that members of the proposed nationwide class purchased the same vinyl records in reliance on the same allegedly deceptive conduct alleged in the Illinois Class Actions and alleging the same economic damages. Declaration of Christine E.

Skoczylas ("Skoczylas Decl."), ¶¶ 2-5 In fact, The Illinois Class Actions are two of *four* putative nationwide class actions based on nearly identical allegations filed after *Tuttle*. The five related proposed nationwide class actions and their filing dates are listed below:

| **State** | **Case** | **Date Filed** |
|---|---|---|
| IL | *Stiles v. Mobile Fidelity Sound Lab, Inc.*, Case No. 1:22-cv-04405 (N.D. Ill) | August 18, 2022 |
| IL | *Bitterman v. Mobile Fidelity Sound Lab, Inc., et al.*, Case No. 1:22-cv-04714 (N.D. Ill.) | September 1, 2022 |
| CA | *Mark Allen v. Audiophile Music Direct, Inc., et al.*, Case No. 2:22-cv-8146-GW-MRWx (C.D. Cal.) | September 22, 2022 |
| CA | *Molinari v. Audiophile Music Direct, et al.*, Case No. 4:22-cv-05444 (N.D. Cal.) | September 23, 2022 |

As set forth in Defendants' Motions To Stay in the *Stiles* (Docs. 21-22) and *Bitterman* (Docs. 20-21) cases, protracted arm's length negotiations between counsel for Defendants and the *Tuttle* plaintiffs resulted in a settlement agreement that has been finalized and submitted to the United States District Court for the Western District of Washington for judicial approval. Declaration of Joseph J. Madonia ("Madonia Decl."), ¶¶ 2-3. Pursuant to the *Tuttle* settlement agreement, all qualifying class members who purchased a vinyl record that is the subject of the lawsuit between March 19, 2007, and July 27, 2022, may return their records and request a refund of their purchase price, plus tax and shipping costs, from Defendants. *Id.* at ¶ 4; *id.* at Ex. 2 at Internal Ex. 1, §§ 4.1, 4.2, 5.1.a. Those qualifying class members who elect to keep and continue to enjoy their records may opt to receive a refund of 5% of their actual purchase price or a coupon in the amount of 10% of their actual purchase price, fairly compensating them for the "price premium" that they allegedly paid in reliance on Defendants' alleged

3

misrepresentation and omissions. *Id.* at ¶ 4; *id.* at Ex. 2 at Internal Ex. 1, § 5.1(b). Despite this generous settlement, Plaintiffs have moved to intervene and/or stay the settlement in the *Tuttle* case. Skoczylas Decl., ¶ 6; *id.* at Ex. 3.

## ARGUMENT

The appointment of interim class counsel is neither necessary or appropriate in light of the pending *Tuttle* settlement.

Federal Rule of Civil Procedure 23(g) "authorizes the court to designate interim class counsel during the pre-certification period ***if necessary to protect the interests of the putative class***." Fed. R. Civ. P. 23 advisory committee notes (emphasis added). Thus, the movant must "come forward with [a] showing as to why their appointment as interim class counsel would be beneficial or necessary." *Sullivan v. Barclays PLC*, No. 13-cv-2811, 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013) (holding that plaintiffs failed to meet their burden to justify appointment of interim counsel). As federal courts considering whether to appoint interim class counsel have observed, the "premature granting of interim counsel designation may prejudice the class." *Gedalia v. Whole Foods Mkt. Servs., Inc.*, No. 4:13-cv-03517, 2014 WL 4851977, at *3 (S.D. Tex. Sept. 29, 2014) (citing Rule 23 advisory committee notes) (denying motion for appointment of interim class counsel).

Additionally, as numerous courts have held, the "appointment of interim counsel is appropriate only when multiple cases have been consolidated in a single district." *Burns v. Navistar, Inc.*, No. 10-cv-2295, 2011 WL 13071147, at *1 (S.D. Cal. Feb. 24, 2011); *see also Donaldson v. Pharmacia Pension Plan*, No. 06-cv-00003, 2006 WL 1308582, at *1-2 (S.D. Ill. May 10, 2006) ("Consistent with the commentary to Rule 23 and the Manual, the Court's research indicates that the kind of matter in which interim counsel is appointed is one where a

4

large number of putative class actions have been consolidated or otherwise are pending in a single court.") (collecting cases); *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) ("[T]hose cases in which interim counsel is appointed are typically those in which ***a large number*** of putative class actions have been consolidated or are otherwise pending before a single court.") (emphasis added).

Plaintiffs have not met their burden of proving that the appointment of interim class counsel is necessary here, even if both pending Illinois Class Actions are consolidated. Beyond the two actions pending in this District, this is not a situation in which "a gaggle of law firms [are] jockeying to be appointed class counsel," and "[n]o consolidation with other actions is on the horizon." *Parrish v. Nat'l Football League Players Inc.*, No. 07-cv-00943, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007) (denying motion for appointment of interim class counsel). Appointing interim class counsel in the Illinois Class Actions would serve no purpose prior to the resolution of the pending motion for approval of the proposed *Tuttle* settlement—and could even risk disrupting the progress towards the fair resolutions of all of the putative class members' claims.

Moreover, contrary to Plaintiffs' suggestion in their Motion (Doc. 18, pp. 6-7), there is no need to designate interim class counsel to facilitate discovery and communications with putative class members. Discovery in the Illinois Class Actions has not yet commenced, and the Illinois Class Actions should be stayed pending judicial approval of the *Tuttle* settlement to avoid wasting judicial and party resources. Indeed, the *Tuttle* court granted "the parties' stipulated motion to stay the case pending the court's consideration of the motion for preliminary approval" for this reason. *See* Madonia Decl., ¶ 5; 1/20/2023 *Tuttle* Order, *id.* at Ex. 3, p. 4.

Plaintiffs also assert that a supposed "'reverse auction' whereby the lawyers in duplicative cases seek to 'sell' a settlement to the defendant at the lowest amount" warrants the appointment of interim class counsel now.[1] Doc. 18, p. 2. But, as set forth above, all dissatisfied analog music aficionados who purchased a vinyl record that is the subject of all five putative class action lawsuits during a more than 15-year time span will be made whole, either through a full refund or a refund of the alleged "price premium" that they paid, if the *Tuttle* court approves the proposed nationwide settlement as anticipated. Thus, the risk of a "reverse auction" that would be detrimental to the proposed class is non-existent. In fact, in light of the *Tuttle* settlement's generous terms, its approval, following the *Tuttle* court's considering the concerns of any objectors and intervenors, would "afford the best possible representation for the class." Fed. R. Civ. P. 23 advisory committee notes. And there is no reason to believe that a respected federal judge sitting in Seattle, Washington, cannot fairly and adequately evaluate the terms of the proposed *Tuttle* settlement or vigorously protect the interests of the class. Plaintiffs' Motion should therefore be denied. *See Santos v. Carrington Mortg. Servs., LLC*, No. 2:15-cv-864, 2017 WL 215969, at *2-3 (D.N.J. Jan. 18, 2017) (denying appointment of interim counsel where plaintiff's "motion fail[ed] to explain what the appointment of interim class counsel would accomplish other than to disrupt settlement negotiations" in other cases).

## CONCLUSION

Although Defendants generally have no objection to consolidating the Illinois Class Actions, it would be fruitless and potentially counterproductive—and unnecessary to protect the proposed class—to grant the pending Motion filed by the aspiring interim class counsel in the

---

[1] Contrary to Illinois Class Counsel's assertions, in the Motion and their declarations in support, (*see, e.g.*, Doc. 18, p. 7), Defendants' counsel has had **no** substantive settlement discussions with Illinois Class Counsel. Madonia Decl., ¶ 6. In fact, Defendants explicitly rejected Illinois Class Counsel's request that the parties mediate the Illinois Class Actions.

Illinois Class Actions before the Court rules on Defendants' pending Motions To Stay and the *Tuttle* court rules on Defendants' motion for preliminary approval of the parties' negotiated settlement. Defendants therefore request that Plaintiffs' Motion be denied.

Date: February 8, 2023

**JOSEPH J. MADONIA & ASSOCIATES**

By: /s/ *Joseph J. Madonia*
　　Joseph J. Madonia

Joseph J. Madonia (ARDC: 6205043)
JOSEPH J. MADONIA & ASSOCIATES
5757 North Sheridan, Suite 10A
Chicago, Illinois 60660
Telephone: (312) 953-9000
Facsimile: (773) 654-5066
Email: josephmadonia@gmail.com


**BARNES & THORNBURG LLP**

By:　　/s/ *Joseph F. Madonia*
　　Joseph F. Madonia

Joseph F. Madonia (ARDC: 6190852)
Mark L. Durbin (ARDC: 6216002)
Christine E. Skoczylas (ARDC: 6293811)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Tel: (312) 214-5611
Email: joseph.madonia@btlaw.com
mark.durbin@btlaw.com

*Attorneys for Defendant Mobile Fidelity Sound Lab, Inc., and Audiophile Music Direct Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2023, a copy of the foregoing was filed electronically. Service of this filing will be made on all registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Joseph F. Madonia*